IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

CUMIS INSURANCE SOCIETY, INC.,

          Plaintiff,

                                         MEMORANDUM AND ORDER
   v.                                     07-cv-682-jcs

RACOM COMMUNITY CREDIT UNION,
SIMCOE CREDIT UNION, SCENIC FALLS
FEDERAL CREDIT UNION, POCATELLO
RAILROAD FEDERAL CREDIT UNION,
ST. ALPHONSUS MEDICAL CREDIT UNION,
CLEARWATER CREDIT UNION, LES BOIS
CREDIT UNION, IDAHO FALLS TEACHERS
CREDIT UNION, EAST IDAHO CREDIT
UNION, CESSNA EMPLOYEES CREDIT UNION,
HEALTH SERVICES CREDIT UNION, ADVANTAGE
PLUS FEDERAL CREDIT UNION, and TRANSIT
EMPLOYEES FEDERAL CREDIT UNION,

          Defendants.
_____

    Plaintiff Cumis Insurance Society, Inc. ("Cumis") commenced this action against defendants Racom Community Credit Union, Simcoe Credit Union, Scenic Falls Federal Credit Union, Pocatello Railroad Federal Credit Union, St. Alphonsus Medical Credit Union, Clearwater Credit Union, Les Bois Credit Union, Idaho Falls Teachers Credit Union, East Idaho Credit Union, Cessna Employees Credit Union, Health Services Credit Union, Advantage Plus Federal Credit Union and Transit Employees Federal Credit Union (collectively "defendants") in the Circuit Court for Dane County, Wisconsin. Defendants removed this action pursuant to 28 U.S.C. § 1441 citing 28 U.S.C. § 1332 as grounds for removal. The matter is

presently before the Court on plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c).  Plaintiff also seeks its costs and attorney's fees incurred as a result of removal.  The following facts are relevant to plaintiff's motion to remand.

## BACKGROUND

Defendants are thirteen credit unions that maintain their principal places of business in one of four places: Idaho, Kansas, Iowa or the District of Columbia.  In February 2007 defendants notified plaintiff of their losses and claims under fidelity bonds that had been issued by plaintiff.  Plaintiff began investigating the claims and on July 31, 2007 plaintiff denied coverage for defendants' losses.

Until May 2007 plaintiff had been a Wisconsin corporation with its principal place of business in Wisconsin.  On May 3, 2007 plaintiff filed "Restated Articles of Incorporation of Cumis Insurance Society, Inc." with the Iowa Secretary of State.  This redomestication made plaintiff an Iowa corporation as of May 3rd.  On September 11, 2007 plaintiff filed a complaint for declaratory relief against defendants in the Circuit Court for Dane County, Wisconsin.  In its complaint plaintiff erroneously alleged that it was a Wisconsin corporation.  Defendants were served with the erroneous complaint on November 14th and 15th, 2007.  Also, on November 15th defendants filed a separate action in the United States District Court for the Northern District of California

2

against plaintiff alleging breach of contract and bad faith (hereinafter the California action).

On November 16, 2007 plaintiff filed its amended complaint in the Dane County Circuit Court to correct that it was an Iowa, not Wisconsin, corporation. Because the California action was based on diversity jurisdiction, on November 21, 2007 plaintiff's attorney sent defendants' California based attorney a letter explaining that it was not a Wisconsin corporation but an Iowa corporation for purposes of diversity. On December 3, 2007 defendants' Wisconsin based attorneys filed a notice of removal in this Court to have the current action removed from the Dane County Circuit Court. Plaintiff filed its motion to remand on December 6, 2007.

MEMORANDUM

**A. Plaintiff's motion to remand**

Generally, removal is appropriate only if a federal district court has original jurisdiction over the action. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993) (citing 28 U.S.C. § 1441). Removal statutes should be interpreted narrowly and there is a presumption that the plaintiff gets to choose his/her forum. Id. (citation omitted). The party choosing federal court, in this case defendants, bears the burden of establishing federal jurisdiction. See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005) (citation omitted). Accordingly, the

Court must address whether it has original jurisdiction over this action.

In its notice of removal defendants allege that this Court has original jurisdiction in the form of diversity jurisdiction. For a court to have diversity jurisdiction under 28 U.S.C. § 1332 the amount in controversy between the parties must exceed $75,000 and the parties must be citizens of different states. More specifically, "'[f]or a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant.'" McCready v. eBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006) (quoting Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls, 713 F.2d 1261, 1264 (7th Cir. 1983)). Furthermore, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The parties dispute whether there is complete diversity.

Determining whether the parties satisfy diversity jurisdiction must be decided when the case is filed. Johnson v. Wattenbarger, 361 F.3d 991, 993 (7th Cir. 2004) (citations omitted); see also Julien v. Sarkes Tarzian, Inc., 352 F.2d 845, 846 (7th Cir. 1965). There is no dispute that as of the date when this action was filed in Wisconsin state court (i.e., September 11, 2007) that plaintiff was, and in fact continues to be, a citizen of Iowa by being

4

incorporated and having its principal place of business in Iowa. Moreover, there is no dispute that two defendants (i.e., Racom Community Credit Union and Health Services Credit Union) also were, and continue to be, citizens of Iowa, their principal places of business. Accordingly, there is a lack of complete diversity between the parties.

Nevertheless, defendants argue that plaintiff's citizenship when the complaint was filed should not govern in determining whether there was complete diversity. Defendants further argue that because they had given notice of their claims and plaintiff had begun investigating such claims before plaintiff was redomesticated in Iowa that plaintiff should remain a Wisconsin corporation for purposes of any claims related to defendants' bonds. Defendants cite Central National Bank in Chicago v. Continental Casualty Co., 182 F.2d 407 (7th Cir. 1950), in support of their argument. However, the current action is distinguishable from Central National Bank on two points: (1) plaintiff was not merged into an Iowa corporation but was redomesticated in Iowa; (2) even assuming there was some merger the Seventh Circuit's reasoning was based on an Indiana statute that is not present in this case.

In Central National Bank the Seventh Circuit reasoned that despite a pre-complaint merger by the defendant insurance company, which changed the defendant into an Illinois corporation, the defendant continued to exist as an Indiana corporation because "at

5

the time of the merger plaintiff had a 'claim existing' within the meaning of the Indiana statute[1]." 182 F.2d at 409. Defendants argue that the Court should find this same result under Wisconsin law[2]. However, the language in the Wisconsin statute differs from the Indiana statue at issue in Central National Bank.

The Wisconsin statute does not have the "claim existing" language that the Indiana statute has. Instead under the Wisconsin statute a merger may be treated as not having occurred in "pending proceedings." In this case, proceedings did not begin until plaintiff filed its complaint in Wisconsin state court, which was several months after any alleged merger occurred. Accordingly, were there a merger the holding and reasoning in Central National Bank does not apply to this action.

The absence of complete diversity between the parties requires that plaintiff's motion to remand to the Circuit Court for Dane

---

[1] The Indiana statute addressed the effect of the merger or consolidation of insurance companies stating in pertinent part that "any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted to judgment as if such merger or consolidation had not taken place." Central National Bank, 182 F.2d at 408.

[2] Defendants cite to Wisconsin Statute § 181.1106 which states in pertinent part:

> When a merger takes effect all of the following occur:
>
> (4) Pending proceedings. A civil, criminal, administrative, or investigatory proceedings pending by or against any business entity that is a party to the merger may be continued as if the merger did not occur . . . .

6

County, Wisconsin is granted based on the Court's lack of original jurisdiction over the current action.

### B. Plaintiff's motion for attorneys' fees

In its motion to remand plaintiff requests just costs and any actual expenses including attorney fees incurred as a result of the removal.  The Court may only grant such fees and costs if defendants "lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).  Accordingly, the Court must determine whether defendants' decision to seek removal of this action had an objectively reasonable basis.

Defendants argue that they had an objectively reasonable basis for seeking removal because plaintiff's original state court complaint alleged that plaintiff was a Wisconsin corporation with its principal place of business in Wisconsin, which would have made plaintiff a Wisconsin citizen for purposes of determining diversity jurisdiction.  Had plaintiff been a Wisconsin citizen there would have been complete diversity and removal would have been appropriate.  Conversely, plaintiff argues that defendants did not have an objectively reasonable basis for seeking removal because before defendants filed for removal defendants were aware that there was not complete diversity.

Plaintiff reasons that having filed an amended complaint to correct its state of incorporation from Wisconsin to Iowa on

7

November 16, 2007 put defendants on notice that there was not complete diversity before the notice of removal was filed. Furthermore, plaintiff argues that defendants were on notice when in the California action plaintiff's attorney sent a letter to defendants' attorneys on November 21, 2007 informing them that plaintiff's state of incorporation was not Wisconsin as defendants had alleged but was instead Iowa. However, plaintiff cannot confirm that defendants where in possession of either document before they filed for removal.

In fact, as of December 26, 2007 defendants had not been served with plaintiff's amended Wisconsin state court complaint and had not seen the amended complaint until plaintiff's motion to remand, which was after removal. Also, the November 21st letter was sent in response to the California action, which is separate from the Wisconsin action. Furthermore, although plaintiff can confirm that it sent its November 21st letter it cannot confirm when defendants' California based attorney received the letter.

Moreover, although the attorney to whom plaintiff sent the November 21st letter is defendants' attorney in both the California action as well as the Wisconsin action, the attorneys filing documents in the Wisconsin action have been local counsel who were not sent the letter. Finally, even assuming that before removal defendants may have known that plaintiff had effectively changed its state of incorporation from Wisconsin to Iowa the Seventh

8

Circuit's reasoning in <u>Central National Bank</u>, although found to be inapplicable in this case, provided defendants with an objectively reasonably basis to seek removal.  Accordingly, plaintiff's own mistake in their initial complaint alleging that they were a Wisconsin corporation, as well as the reasoning in <u>Central National Bank</u>, provided defendants with an objectively reasonable basis to seek removal of this action and plaintiff's request for attorney's fees and costs must be denied.

                              ORDER

    IT IS ORDERED that plaintiff's motion to remand is GRANTED and this matter is remanded to the Circuit Court for Dane County, Wisconsin.

    IT IS FURTHER ORDERED that plaintiff's request for attorney's fees and costs is DENIED.

    Entered this 28th day of January, 2008.

                              BY THE COURT:

                              /s/

                              _____
                              JOHN C. SHABAZ
                              District Judge